# THE UNITED STATES TRUST COMPANY OF NEW YORK, *v.* THE NEW YORK WEST SHORE & BUFFALO RAILWAY COMPANY et al.

The Act of 1883 (Chap. 378, Laws of 1883),in relation to receivers of corporations, including the second section·thereof, in reference to receiver's fees, applies only to receivers of corporations appointed in proceedings in bankruptcy, and a receiver appointed in an action to foreclose a mortgage executed by a corporation is not entitled to the fees specified in said section.

The allowance of commissions to such a receiver is governed by the provision of the Code of Civil Procedure (§ 3320), providing for the allowance by the court or the judge where not "otherwise specially prescribed by statute."

(Argued February 9, 1886 ; decided March 2, 1886.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department made the second Monday of December, 1885, which affirmed an order of Special Term.

This was an action to foreclose a mortgage executed by the railroad company, defendant, upon its property and franchises. Horace Russell and Theodore Houston were appointed receivers of the mortgaged property.

The order appealed from fixed and settled their compensation at $40,000 each.

*Wm. G. Choate* and *Elihu Root* for appellants. The provisions of chapter 378, Laws of 1873, extend to all receivers of all corporations. (*Guardian L. Ins. Case,* 93 N. Y. 631 ; *Clinch* v. *South Side R. R. Co.,* 1 Hun, 636.) The language of the statute being clear and unambiguous, and there being

no reason why it should not be interpreted according to the ordinary use of language, it is the duty of the court to give it effect, whatever may be the personal opinion of the judges on the wisdom and policy of the law. (*Jackson* v. *Lewis*, 17 Johns. 475; affirmed, 18 id. 504; *Pres., etc., of Waterford Turnp. Co.* v. *People*, 9 Barb. 170; *People* v. *C. R. R. Co.*, 25 id. 201; *King* v. *Burrell*, 12 Ad. & El. 468; *Everett* v. *Wells*, 2 Scott, 531; *Green* v. *Wood*, 7 Q. B. Rep. 178; *Beebe* v. *Griffin*, 14 N. Y. 244; *McClusky* v. *Cromwell*, 11 id. 593, 601; *Wood* v. *Adams*, 35 N. H. 36; *People* v. *Green*, 86 N. Y. 318; *Waller* v. *Harris*, 20 Wend. 561; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y. 455; *People, ex rel. Davies*, v. *Cowlis*, 13 id. 350; Sedg. on Stat. and Const. Law, 187; Cooley's Const. Lim. [5th ed. 201, 202] 168, 169; *Parry* v. *Edie*, 1 Term R. 313; *James* v. *Patten*, 2 Seld. 9; *Catlin* v. *Gunther*, 1 Kern. 368; *People* v. *Albertson*, 55 N. Y. 50; *License Tax Cases*, 5 Wall. 462; *People* v. *Purdy*, 2 Hill, 31; *Johnson* v. *Lawrence*, 95 N. Y. 154, 157.) The court below had, under the provision of this statute, no discretion to fix the fees at a less sum than the statute provides. (*Ex parte Jordan*, 4 Otto, 251; *Halsey* v. *Van Amringe*, 6 Paige, 12; *Dakin* v. *Deming*, id. 96; *Meacham* v. *Stearns*, 9 id. 398; *King* v. *Talbot*, 40 N. Y. 96; *Hancox* v. *Meeker*, 95 id. 538; *Hobart* v. *Hobart*, 96 id. 637.) Each of the appellants is entitled to full commissions upon the receipts and disbursements. (*Brown* v. *Jarvis*, 2 De G., F. & J. 172; *Washington* v. *State*, 17 Wis. 148.) The receivers are entitled to the statutory commissions upon the whole amount of their receipts and disbursements, without regard to the particular source of such receipts, or the particular objects of such disbursements. Nor is their right to such commissions affected by the fact that they had an active trust. (*In re Bunch*, 12 Wend. 280.) The word "moneys," and "sums of money" are used as a standard of value or measurement by which to determine the extent of the property passing through the hands of the judiciary officer. (*Wagstaff* v. *Lowerre*, 23 Barb. 209, 226; *In re De Peyster*, 4 Sandf. Ch. 511; *In re Moffatt*, 24 Hun, 327; *In re Roosevelt*, 5

Redf. 605; *Laytin* v. *Davidson*, 95 N. Y. 263; *Hurlburt* v. *Durant*, 88 id. 121; *In re Bunch*, 12 Wend. 280; *Green* v. *Sanders*, 18 Hun, 308; *Wood* v. *Ford*, 4 Redf. 34; *Howes* v. *Davies*, 4 Abb. Pr. 71; *In re Kellogg*, 7 Paige, 265; *Hall* v. *Tryon*, 1 Dem. 296; *Bennett* v. *Chapin*, 3 Sandf. 673; *In re Morgan's Estate*, 15 Abb. N. C. 198; *Johnson* v. *Lawrence*, 95 N. Y. 157; *In re Hurlburt*, 89 id. 259.)

*Joseph H. Choate* for respondents. The second section of the act chapter 378 of the Laws of 1883, does not apply to receivers appointed *pendente lite* in foreclosure suits, but relates only to statutory receivers appointed to wind up a corporation and distribute its assets. (*People, ex rel. Newcomb*, v. *McCall*, 94 N. Y. 587; Code, §§ 768, 982; *Whitney* v. *At. & N. Y. R. R. Co.*, 66 How. Pr. 436; High on Rec., § 378; *Metz* v. *Buffalo, Corry & P. R. R. Co.*, 58 N. Y. 61; *Negus* v. *City of Brooklyn*, 10 Abb. N. C. 187; *People* v. *N. Y. & M. B. R. R. Co.*, 84 N. Y. 565; *Donaldson* v. *Wood*, 22 Wend. 295; *People* v. *Supervisors of Col. Co.*, 43 N. Y. 135.) The act of 1883 having no application to the case, and there being no other statute specially prescribing these receivers' fees, they are necessarily governed by section 3320 of the Code of Civil Procedure, which leave the fees in the sound discretion of the court appointing. (*Gardiner* v. *Tyler*, 3 Keyes, 505; 1 Kent's Com. 462; *People* v. *Draper*, 15 N. Y. 558; Potter's Dwar. on Stat. 188; *People, ex rel. Jackson*, v. *Potter*, 47 N. Y. 375, 379; *People* v. *N. Y. & M. B. R. R. Co.*, 84 id. 565; *Duryee* v. *Mayor, etc.*, 96 id. 477, 495–496; *Lessee of Brewer* v. *Blougher*, 14 Pet. 178, 198; *Smith* v. *People*, 47 id. 330, 336, 339; *People, ex rel. Mason*, v. *McClave*, 99 N.Y. 83, 89; *People* v. *Supervisors of Col. Co.*, 43 id. 132; *People, ex rel. W. F. Ins. Co.*, v. *Davenport*, 91 id. 11, 18; *People, ex rel. Wood*, v. *Lacomb*, 99 id. 43, 49; *Smith* v. *People*, 47 id. 330, 336, 344; *Hayes* v. *Symonds*, 9 Barb. 260; *People* v. *Mallory*, 2 Sup. Ct. [T. & C.] 76, 80; *People* v. *Crissy*, 91 N Y. 632; *People, ex rel. Kingsland*, v. *Palmer*, 52 id. 88; *Reiche* v. *Smyth, Collector*, 13 Wall. 162; *Homer* v. *The Collector*, 1 id. 486; *Redrock* v. *Henry*, 106

U. S. 596; *U. S.* v. *Claflin*, 97 id. 552.) The act of 1883 cannot be construed to give to receivers in foreclosure suits *pendente lite*, and especially in railroad foreclosures, the compensation provided in the second section of that act for " receivers of corporations," as such an interpretation would lead to most unjust, absurd and mischievous consequences, and cannot, therefore, be sustained. (*L. S. & M. S. Ry. Co.* v. *Roach*, 80 N. Y. 339, 344; *People* v. *Lambier*, 5 Denio, 9; *Smith* v. *People*, 47 N. Y. 330, 336; *People* v. *Mallory*, 2 Sup. Ct. [T. & C.] 76, 80, 81; *Donaldson* v. *Wood*, 22 Wend. 395; *People, ex rel.* v. *Comm'rs of Taxes*, 95 N. Y. 554, 5 58, 559; *People, ex rel. Wood,* v. *Lacombe*, 99 id. 43, 49; *Duryee* v. *Mayor, etc.*, 96 id. 495; *U. S.* v. *Kirby*, 7 Wall. 482, 486-7.)

*E. W. Paige* for N. Y., W. S. & B. R. R. Co., and Ashbel Green, as receiver, respondents. Messrs. Russell & Houston were not " receivers of corporations " within the meaning of chapter 378 of the Laws of 1883. (*Whitney* v. *N. Y. & A. R. R. Co.*, 66 How. Pr. 436, 445.) They were appointed receivers of the specific property described in the mortgage only, *i. e.*, the West Shore railroad, and not of any other property. (*Foster* v. *Townshend*, 68 N. Y. 203, 206; *Keeney* v. *Home Ins. Co.*, 71 id. 306, 401; *Hollenbeck* v. *Donnell*, 94 id. 342, 347.) The statutes on the subject show that by the phrase " receiver of a corporation," as used in the acts of 1880, 1881, 1882, 1883, is meant a receiver who has the powers conferred by the Revised Statutes upon a receiver's appointment in the case of the voluntary dissolution of a corporation. (*Hollenbeck* v. *Donnell*, 94 N. Y. 342; High on Rec., § 288; *Mann, Receiver*, v. *Pentz*, 2 Sand. Ch. 257, 266; *Verplanck* v. *Mer. Ins. Co.*, 1 Ed. 84, 88; *Bangs* v. *McIntosh*, 23 Barb. 591; *Howe* v. *Denel*, 43 id. 504; *Belmont* v. *Erie R. Co.*, 52 id. 637; *Att'y-Gen.* v. *Utica Ins. Co.*, 2 J. C. 271; *Att'y-Gen.* v. *Bk. Niagara*, Hopk. 354, 598; Laws of 1825, chap. 325; Code of Civ. Pro., §§ 1784-5, subd. 4; 2 R. S. 463, part 3, chap. 8, tit. 4, § 36; 2 R. S. 469, §§ 67, 68; *Kincaid* v. *Dwinelle*, 59 N. Y. 548; *People, ex rel. Garling,* v.

*Van Allen,* 55 id. 31, 38.) Section 2 of chapter 378 of the Laws of 1883, relates only to receivers having the powers conferred by the Revised Statutes upon receivers appointed upon the voluntary dissolution of a corporation. (*People, ex rel. Newcomb,* v. *McCall,* 94 N. Y. 587, 590; Dwarris, Potter's ed., 253, 255, 270; *Rex* v. *Morris,* 1 B. & A. 441.)

Andrews, J. The Code of Civil Procedure, which was in force when the proceedings in this action were taken, furnishes the general rule governing the allowance of commissions to receivers. It is found in section 3320, which provides as follows: "§ 3320. A receiver, except as otherwise specially prescribed by statute, is entitled, in addition to his lawful expenses, to such a commission, not exceeding five per centum upon the sum received and disbursed by him, as the court by which, or judge by whom he is appointed, allows." The judge at Special Term in substance held that this section governed the allowance of commisions in the case, and made an order fixing the commissions of the receivers at a gross sum, less than five per centum upon the sums received and disbursed. The order of the Special Term was affirmed by the General Term, and the only question presented on this appeal, is as to the application of section 3220 to the case of a receiver *pendente lite,* appointed in a foreclosure action, to foreclose a mortgage executed by a corporation. It is plain that the section is applicable to receivers appointed in foreclosure actions, where the mortgagor is an individual. But it is claimed that the case of a receiver appointed in a foreclosure action against a corporation, is taken out of the general rule of law by force of the second section of the act, chapter 378 of the Laws of 1883, and that by that section such a receiver is entitled to a fixed percentage upon receipts and disbursements, which the court is bound to allow, irrespective of any consideration of the character or value of the services rendered. The act of 1883 is entitled "An act in relation to receivers of corporations." The second section, upon which the appellants rely, is as follows: "§ 2. Every receiver shall be allowed to receive as compensation for his services as such receiver,

five per cent for the first $100,000 actually received and paid out, and two and one-half per cent on all sums received and paid out in excess of the said $100,000." We have reached the conclusion that the appellants were not " receivers of corporations" within the meaning of the act of 1883, and shall content ourselves with a brief statement of the reasons for our judgment. The power of a Court of Chancery to appoint a receiver *pendente lite,* in foreclosure cases, is a part of its incidental jurisdiction, not depending upon any statute, and which it exercises, whenever by reason of the insufficiency of the security, or other reason, equity requires that the rents and profits of the mortgaged property, pending the litigation, should be impounded and retained, to be applied upon the debt, to be ascertained by the final judgment. (*Hollenbeck* v. *Donnell,* 94 N. Y. 342.) The receiver by virtue of his appointment, takes possession of the mortgaged property and receives the rents and profits as the officer of the court, but the title to the property is not changed, but remains in the mortgagor until a sale under the decree in the action. (*Keeney* v. *Home Ins. Co.,* 71 N. Y. 396.) This jurisdiction is not affected by the character of the mortgagor, whether an individual or a corporation. It rests upon grounds quite independent of the character of the parties to the instrument, or the nature of the mortgaged property. But it was held at an early day in this State, that the jurisdiction of chancery did not extend to the sequestration of the property of a corporation by means of a receiver, or to the winding up of its affairs, or to control or restrain the usurpation of franchises by corporate bodies, or by persons claiming without right to exercise corporate powers. (*Attorney-General* v. *Utica Ins. Co.,* 2 Johns. Ch. 371 ; *Attorney-General* v. *Bk. of Niagara,* Hopk. 354.) The refusal of the Court of Chancery to entertain jurisdiction of corporate bodies, at the instance of creditors, or to wind up their affairs in case of insolvency, led to the enactment by the legislature in 1825, of the act chapter 325 of the laws of that year, entitled " An act to prevent fraudulent bankruptcies of incorporated companies, and to facilitate proceedings against them," etc. By this act juris-

diction was conferred upon the Court of Chancery to sequestrate the property of a corporation, upon the application of a judgment creditor, after the return of an execution unsatisfied, and to appoint a receiver of its property (§ 15), and in case of an incorporated bank, which had become insolvent, or had violated its charter, it authorized the Court of Chancery, upon the petition of the attorney-general, or of a creditor, to proceed by injunction and to appoint a receiver of the property of the bank, and to distribute the same among its creditors (§ 17). The provisions of the act of 1825, enlarged and extended, were incorporated into the Revised Statutes, in the article entitled, " Of proceedings against corporations in equity " (2 R. S. 462), and a complete statutory system was enacted for the winding up of the affairs of a corporation against which an execution had been returned unsatisfied, at the instance of the creditor in the execution, and for similar proceedings against insolvent banking or other specified corporations, at the instance of the attorney-general, or any creditor or stockholder (§§ 36, 39, 40, 41). The court was authorized to appoint receivers of the corporate property. Their powers and duties are specified in the statute in great detail, and it is declared that receivers so appointed shall be " vested with all the estate, real and personal, of such corporation," and they are declared to be " trustees of such estate, for the benefit of the creditors of such corporation, and its stockholders." (2 R. S. 469, §§ 67, 68.) The system inaugurated by the act of 1825, and incorporated into the Revised Statutes, has been continued by the Codes, and for fifty years prior to the act of 1883, had been the statutory system of procedure for the winding up of the affairs of insolvent corporations, through receivers appointed by the court, not by virtue of its inherent jurisdiction, but under statutory authority, the statute which authorized their appointment, also prescribing with great minuteness their powers and duties. The immediate point in controversy is, whether the act of 1883, was an additional regulation prescribing the rights and duties of receivers of insolvent corporations, or has a wider

scope, embracing all receivers of a corporation or of corporate property, however appointed, or for whatever purpose the appointment may have been made. We think the limited construction of the statute is the true one, and that the general language of the second section, prescribing the fees of receivers, must, in view of the context, be construed as relating only to receivers of insolvent corporations. The act is made up mainly from the provisions of chapter 537 of the Laws of 1880, and the subsequent amendments of 1881 and 1882 (Laws of 1881, Chap. 639; Laws of 1882, Chap. 331), and those acts expressly related to receivers of insolvent corporations. The first section is new, and in substance is a legislative enactment of the Supreme Court rule No. 81, and prescribes that an application for the appointment of a receiver of a corporation, shall be made in the judicial district in which the principal business office of the corporation is located, or in a county adjoining such district. This section makes no reference to the nature of the proceeding in which the application is made. But a reference to the *ninth* section shows that proceedings against insolvent corporations only were in contemplation. The *ninth* section declares that all applications to the court, contemplated by the act, shall be made in the judicial district where the principal office of the "insolvent corporation" was located. The other sections provide for orders and proceedings of various kinds. If the nature of the proceeding to which the act relates is left indefinite by any of the other sections, the obscurity is removed by the *ninth* section, which shows that the legislature was dealing with insolvent corporations, and that the orders to be made, were in proceedings against such corporations only. The *second* section is the one prescribing the fees. The *third* section provides that the order appointing the receiver shall designate the place of deposit of the funds of the corporation, and that they shall not be deposited elsewhere, except upon the order of the court, on notice to the attorney-general. The application for an order changing the place of deposit must, according to the *ninth* section, be made in the judicial district where the principal office of the "insolvent corporation" is located. The *third* section, therefore, relates to a proceeding

against an insolvent corporation, for it is only in such a proceeding, as appears by the *ninth* section, that an order is contemplated. The *fourth* section makes it the duty of the receiver of an insurance, banking or railroad corporation to make and file periodical accounts every six months, prohibits his paying to any attorney or counsel, any costs, fees or allowances, until the amounts shall have been stated and approved by the court "by an order duly entered," and requires notice of the presentation of any such accounts, to be given to the attorney-general, who is also required to examine the books and accounts of the receiver at least once every twelve months, provisions very appropriate to a receivership for winding up the affairs of a corporation. It is not questioned that the remaining sections of the act, from *five* to *ten*, both inclusive, relate exclusively to proceedings against insolvent corporations. We think the preceding sections relate to the same subject. It is a matter of public notoriety that the act of 1883 was passed, in view of the scandals which had been set afloat, in respect to the administration of the affairs of insolvent corporations through receivers. Omitting the *second* section, it is, we think, reasonably clear that the object of the act was to supplement the existing legislation, in respect to the winding up of the affairs of insolvent corporations, and to provide further restrictions and safe-guards against the misuse or depletion of corporate funds in the hands of the receivers. The *second* section deals with a subject germane to the purpose of the act, and fixes the compensation of the receiver, and when it used the language, "every receiver," it is by the ordinary rules of interpretation and construction of statutes, to be restrained to the particular subject with which the legislature was dealing, and to which the section in question had an appropriate application. (See *Smith* v. *People*, 47 N. Y. 330; *People* v. *McClave*, 99 id. 83.)

The conclusion is that the act of 1883, including the second section, relates exclusively to receivers of corporations, appointed in proceedings in insolvency.

The order should therefore be affirmed.

All concur.

Order affirmed.