Some reasons may be suggested why, in the application of the statute, the legislature may have contemplated that the board of education in which the pupils have a legal residence shall affirmatively act and grant express permission to attend school in another district.

Such action would constitute the authority of the board of education having charge and control of the nearest school in such other district to receive such pupils, and assume control and jurisdiction over them.

Again, the fact that a few children are taken out of one district and attend school elsewhere, would not decrease or diminish the expense of conducting the school in the first named district, for the salary of teachers and the cost of fuel, maintaining buildings, etc., would be substantially the same. Under the statute the amount to be paid for tuition is fixed, and it might be necessary to make special provision for such payment.

Affirmative action by a board of education granting pupils permission to attend another school would not only evidence the authority of the other board of education to receive said pupils, but would also be a recognition by the board first named of its liability to pay, and of its duty to make provision for such payment.

The demurrer to the first defense is overruled. Plaintiff not desiring to further plead, judgment is rendered in favor of defendant.

Marcus Shoup, attorney for plaintiff.

M. J. Hartley, attorney for defendant.

---

(Superior Court of Cincinnati—Special Term.)

OTTO BEHRENS, a minor, et al., v. THE EQUALITY BUILDING ASS'N

*Appointment of Receiver—Is a provisional remedy—When not to be exercised—Only in a strong case—Injunction to restrain corporation from acts ultra vires or illegal.*

(Decided *July*, 1895.)

---

HUNT, J.

The plaintiffs, on May 7, 1895, filed a petition asking that a receiver be appointed and the corporation be wound up and dissolved. On May 23, 1895, an amendment to the petition was filed alleging that the directors are about to assign, transfer or dispose of the property and assets of said corporation, and asking that the board of directors be enjoined from assigning, transferring or disposing of the property of the company until further order of the court. On May 25, 1895, the plaintiffs filed a motion for a receiver and an injunction, and on the same day the Equality Building Association filed a demurrer to the petition on the ground that it does not contain facts sufficient to constitute a cause of action. An application for the appointment of a receiver is one which is addressed to the sound discretion of the court, to be exercised as an auxiliary to the attainment of the ends of justice. It is a provisional remedy, ancillary to the main action, and can only be made by a court of equity in an action pending therein brought to obtain some other equitable relief which the court has the right to grant. The discretion of the court to appoint a receiver will not be exercised where no perceptible benefit will result from the appointment, and where no injury will apparently be caused by failing to make the appointment. (Hamburg Manufacturing Co. et al. v. Edsall, 8 N. J. Eq. 141.)

It was held in C., H. & D. R. R. v. Duckworth, 2 C. C. R., 518, that in the absence of statutory authority, a court of equity has no right, at the

suit of any stockholder, to take any steps, the sole purpose or primary object of which is to wind up the affairs of the corporation. See, also, High on Receivers, sec. 288 (2d Ed.); U. S. Trust Co. v. Railway Co., 101 N. Y., 478.

In Speights v. Peters, 9 Gill. 472, the court says that it must be a strong case that will justify this ultimate resort of a court of equity. It is a high power never exercised where it is likely to produce irreparable injustice or injury to private rights, or where there exists any other safe or expedient remedy. The statute provides a remedy for the dissolution of corporations of this character.

It will be found to be a general rule that where a court of equity has taken charge of the corporation at the suit of a stockholder, fraud has been either specifically proven or alleged. (Cronin v. the Potters' Cooperative Co., 29 W. L. B., 53, and cases there cited.)

Courts should be slow to interpose in matters which relate solely to the management of a concern in the absence of fraud, nor should they supplant the stockholders who are specially designated to direct its business, without well considered reasons. The appointment of a receiver is of such a high and unusual character that it must be a strong case that will justify the ultimate resort of a court of equity.

The court is of the opinion that this power should not be exercised in this case under the allegations of the petition, and the motion for the appointment of a receiver will be overruled. Demurrer to the petition sustained.

The jurisdiction of a court of equity over persons acting in a trust capacity is well settled. It cannot be denied that if the stockholders of the corporation were engaged, or about to be engaged, in actions clearly ultra vires, that a court of equity would enjoin such alleged acts. (Brewer v. Boston Theatre, 107 Mass. 378). Indeed, equity may enjoin any and all conduct of the directors of a corporation in violation of the trust or of the law, but the proof adduced in this case will not warrant the injunction prayed for in the amendment to the petition.

The motion will be overruled.

Milton Sater, for the plaintiff.

H. M. Caldwell and John F. Follett, contra.