MELVILLE L. COBB, Appellant, *v.* ELNATHAN SWEET, as Receiver of the LEBANON SPRINGS RAILROAD COMPANY, and the HILTON BRIDGE CONSTRUCTION COMPANY, Respondents.

*Receiver of a railroad — liability for coal furnished to his predecessor, where neither an order to operate the road nor the nature of the receivership appears — presumption as to the order — extent of the relief allowable, not considered on demurrer.*

A complaint in an action against a receiver of a railroad company to recover the value of coal furnished by the plaintiff to the defendant's predecessor, which alleges that the coal was used in the operation of the railroad by the receiver, and that it was necessary for that purpose, states a cause of action against the receiver, although the nature of the receivership is not stated and there is no allegation that the court directed the operation of the road.

If an order of the court were necessary to entitle the receiver to operate the railroad, the existence of such an order may be presumed from an allegation in the complaint that the receiver had operated the railroad for eleven years.

The question whether the plaintiff may have determined in the action the respective priorities of his claim and that of a third party made a defendant therein, and whether it is necessary to make the railroad company a party in order to charge the property thereof, goes only to the extent of the plaintiff's relief and will not be determined on demurrer.

APPEAL by the plaintiff, Melville L. Cobb, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 2d day of October, 1899, upon an order made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 2d day of October, 1899, sustaining the defendants' demurrer to the complaint.

This action was brought against the receiver of the Lebanon Springs Railroad Company to recover a judgment for a sum alleged to be

.due the plaintiff for .supplies furnished to said road while operated by the predecessor of such receiver, and for a decree declaring the judgment to be a lien on the real and personal property of the railroad company in the hands of the receiver, superior to the lien of said receiver's certificates, and requiring him to sell such property or so much thereof as may be necessary to satisfy the judgment.

*T. F. Hamilton,* for the appellant.

*William Lansing,* for the respondents.

KELLOGG, J.:

The defendants demur to the complaint herein on two grounds:

*First.* That it appears upon the face of the complaint that there is a defect of parties defendant.

(That the Lebanon Springs Railroad Company is a necessary party defendant.)

*Second.* That the complaint does not state facts sufficient to constitute a cause of action.

The complaint does not state in terms whether the receiver, William V. Reynolds, was made such in a statutory action for sequestration of the property of an insolvent corporation or whether appointed by the court *pendente lite* in some equity action. Nor whether he was a temporary receiver or permanent receiver, but the complaint does allege that he was made receiver by order of the Supreme Court. If he was permanent receiver in a sequestration action he became such upon a judgment of dissolution of the Lebanon Springs Railroad Company, and was the sole representative of its property, and the prayer of the complaint to have a lien declared upon the property might properly be granted.

But whether appointed in a statutory action or in an action in equity *pendente lite* it is clear from the complaint that Elnathan Sweet, the present receiver, was appointed on the death of Reynolds to fill his place, to succeed him, to take up and carry forward the functions and duties of Reynolds. So that if there existed any cause of action in this plaintiff against Reynolds, in his capacity as receiver, I see no reason why it may not be prosecuted against his successor, Sweet. It may well be that not all the relief demanded in the complaint can be granted, certainly not if Reynolds and Sweet

were appointed receivers *pendente lite*, for in that capacity the receiver takes title to no property, but the title to the property remains in the railroad company, though the possession and the rents and profits are in the receiver as the officer of the court, but to the extent only of the property which is the subject-matter of the action. (*U. S. Trust Co.* v. *N. Y., W. S. & B. R. Co.*, 101 N. Y. 483.)

What are the duties and powers of a receiver appointed in an equity action *pendente lite*, are not defined by the statute or code, and are usually defined in the appointing order. As an officer of the court he is subject to its directions. Section 1788 of the Code of Civil Procedure, defining the powers and duties of a temporary receiver appointed in a sequestration action does not necessarily apply to receivers appointed in other actions. One of the main purposes of a receiver in any action is to preserve the property, to so preserve it that it will not be less valuable when final judgment is had. It seems too obvious for discussion that it is the exception, rather than the rule, that the property of a railroad company would improve or be best preserved by not being operated. And I think no receiver appointed *pendente lite* could be said to have discharged his duty by ceasing to operate a railroad without the direct order of the court. His duty without such order would be to operate it, and he would be required to give sufficient reasons for not doing so if he should cease. The allegations of the complaint, then, that the receiver did in fact operate the road and that he bought coal of plaintiff for that purpose, and that the road could not be operated without such coal, is sufficient, and need not be supplemented by the further allegation that the court directed its operation. If such order was necessary it may be presumed to have been made. For eleven years the complaint alleges this railroad has been operated by the receiver. It cannot be presumed that an officer of the court for such a length of time has acted without authority. This, I think, disposes of the contention that the complaint fails to state facts sufficient to constitute a cause of action.

That the plaintiff may bring action against this receiver to have his claim for coal sold to and used by the receiver adjusted, without suing the company or any other party, I think, is plain. Such an

action can ordinarily serve no purpose where the receiver does not deny the claim, but where he does, leave to sue is given as a matter of course. Presumably such was the moving consideration of the court in granting leave to sue. It is not plain that this plaintiff may not also in this action have determined as between himself and the Hilton Bridge Construction Company the claim of priority of payment from any funds in the possession of the receiver properly at his command to pay running expenses of the road. That he cannot charge the property of the railroad company, if that company in fact exists, without bringing it in as a party defendant, only goes to the extent of his relief, and that can be safely left with the trial court.

I think the demurrer should have been overruled.

All concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer within twenty days after service of a copy of this order upon payment of such costs.