COBB v. SWEET et al.

(Supreme Court, Appellate Division, Third Department.  December 12, 1899.)

1. RAILROADS—RECEIVERS—PLEADING—CAUSE OF ACTION.
    The allegations in a complaint that the receiver of a railroad company did in fact operate the road, and bought coal of plaintiff for that purpose, and that the road could not be operated without such coal, sufficiently states a cause of action, and need not be supplemented by the further allegation that the court directed its operation.

2. SAME—PARTIES.
    An action may be brought against the receiver of a railroad company for coal sold to and used by him in the operation of the road, without suing the company or any other party.

3. SAME.
    The fact that the property of a railroad company in the possession of its receiver, and properly at his command, cannot be charged with the payment of claims, if such company exists, without bringing it in as a party defendant, only goes to the extent of the relief sought.

Appeal from special term, Rensselaer county.

Action by Melville L. Cobb against Elnathan Sweet, as receiver of the Lebanon Springs Railroad Company, and another. From an order sustaining defendants' demurrer to the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

T. F. Hamilton, for appellant.
A. & W. Lansing (William Lansing, of counsel), for respondents.

KELLOGG, J. The defendants demur to the complaint herein on two grounds: First, that it appears upon the face of the complaint that there is a defect of parties defendant (that the Lebanon Springs Railroad Company is a necessary party defendant); second, that the complaint does not state facts sufficient to constitute a cause of action. The complaint does not state in terms whether the receiver, William V. Reynolds, was made such in a statutory action for sequestration of the property of an insolvent corporation, or whether appointed by the court pendente lite in some equity action, nor whether he was a temporary receiver or permanent receiver, but the complaint does allege that he was made receiver by order of the supreme court. If he was permanent receiver in a sequestration action, he became such upon a judgment of dissolution of the Lebanon Springs Railroad Company, and was the sole representative of its property, and the prayer of the complaint to have a lien declared upon the property might properly be granted. But whether appointed in a statutory action or in an action in equity pendente lite, it is clear from the complaint that Elnathan Sweet, the present receiver, was appointed on the death of Reynolds to fill his place, to succeed him, to take up and carry forward the functions and duties of Reynolds. So that, if there existed any cause of action in this plaintiff against Reynolds in his capacity as receiver, I see no reason why it may not be prosecuted against his successor, Sweet. It may well be that not all the relief demanded in the complaint can

be granted; certainly not if Reynolds and Sweet were appointed receivers pendente lite, for in that capacity the receiver takes title to no property, but the title to the property remains in the railroad company, though the possession and the rents and profits are in the receiver as the officer of the court, but to the extent only of the property which is the subject-matter of the action. U. S. Trust Co. v. New York, W. S. & B. R. Co., 101 N. Y. 483, 5 N. E. 316. The duties and powers of a receiver appointed in an equity action pendente lite are not defined by the statute or Code, and are usually defined in the appointing order. As an officer of the court, he is subject to its directions. Section 1788, defining the powers and duties of a temporary receiver appointed in a sequestration action, does not necessarily apply to receivers appointed in other actions. One of the main purposes of a receiver in any action is to preserve the property,—to so preserve it that it will not be less valuable when final judgment is had. It seems too obvious for discussion that it is the exception, rather than the rule, that the property of a railroad company would improve, or be best preserved, by not being operated; and I think no receiver appointed pendente lite could be said to have discharged his duty by ceasing to operate a railroad without the direct order of the court. His duty, without such order, would be to operate it, and he would be required to give sufficient reasons for not doing so if he should cease. The allegations of the complaint, then, that the receiver did in fact operate the road, and bought coal of plaintiff for that purpose, and that the road could not be operated without such coal, is sufficient, and need not be supplemented by the further allegation that the court directed its operation. If such order was necessary, it may be presumed to have been made. For 11 years the complaint alleges this railroad has been operated by the receiver. It cannot be presumed that an officer of the court for such a length of time has acted without authority. This, I think, disposes of the contention that the complaint fails to state facts sufficient to constitute a cause of action.

That the plaintiff may bring action against this receiver to have his claim for coal sold to and used by the receiver adjusted without suing the company or any other party, I think, is plain. Such an action can ordinarily serve no purpose where the receiver does not deny the claim, but, where he does, leave to sue is given as a matter of course. Presumably such was the moving consideration of the court in granting leave to sue. · It is not plain that this plaintiff may not also, in this action, have determined as between himself and the Hilton Bridge Construction Company the claim of priority of payment from any funds in the possession of the receiver properly at his command to pay running expenses of the road. That he cannot charge the property of the railroad company, if that company in fact exists, without bringing it in as a party defendant, only goes to the extent of his relief, and that can be safely left with the trial court. I think the demurrer should have been overruled.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer within 20 days after service of a copy of this order upon payment of such costs. All concur.