clerk in the proper book, under the title of the cause or proceeding, and the said report shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. If exceptions are. filed and served within such time, the same may be brought to a hearing at any Special Term thereafter, on the notice of any party interested therein."

Therefore, if the defendants are dissatisfied with the report of the referee, they must, within the time above specified, after the service on them of a notice of the filing of the report, file exceptions thereto; and upon the filing and service of such exceptions the plaintiff may bring them to a hearing at any Special Term on notice, and move that the exceptions be overruled and the report confirmed. If such motion is granted, then the defendants may appeal from the order of confirmation, and only in that event may the appeal be brought on upon a case made and served, but not otherwise. Yaw v. Whitmore, 66 App. Div. 317, 72 N. Y. Supp. 765; Lewin v. Lehigh Valley R. Co., 66 App. Div. 410, 72 N. Y. Supp. 881. The practice adopted in the two last cited cases, however, has no application until such appeal from the order confirming the report is taken. In both these cases the damages were assessed by a jury. Neither do I think that rule 31 of the general rules of practice nor the other cases cited by the defendants apply. The motion is therefore denied, but, in view of the apparent novelty of the questions presented, costs should not be imposed. The defendants should have an opportunity to file and serve exceptions to the referee's report, and the order to be entered hereon should contain a provision therefor.

Motion denied. No costs.

---

(41 Misc. Rep. 204.)

KNICKERBOCKER TRUST CO. v. ONEONTA, C. & R. S. RY. CO.

(Supreme Court, Special Term, New York County. July, 1903.)

1. MORTGAGES—FORECLOSURE — APPOINTMENT OF RECEIVER — APPLICATION — VENUE.

An application for the appointment of a receiver in mortgage foreclosure proceedings must be made in the county where the action is triable.

2. SAME—APPLICATION IN IMPROPER COUNTY—DENIAL.

Where defendant in mortgage foreclosure proceedings before answer had demanded that the trial of the action be changed to the county in which the mortgaged property was situated, as authorized by Code Civ. Proc. § 986, and the five days allowed plaintiff to consent to such demand had not expired, a motion for the appointment of a temporary receiver, made in the county where the action was then pending, would be denied.

Action by the Knickerbocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs Railway Company. Motion for the appointment of a receiver pendente lite. Motion denied.

Davies, Stone & Auerbach (Julian T. Davies and Chas E. Hotchkiss, of counsel), for the motion.
Sanders & Gray, opposed.

GIEGERICH, J.   This is a motion for the appointment of a receiver pendente lite in an action to foreclose a mortgage made by the defendant upon real estate situated within the counties of Otsego and Herkimer, in this state.   The plaintiff's place of residence is the borough of Manhattan, New York City, and the defendant's is in Otsego county.   The place of trial designated in the summons is New York county.   The defendant, before service of the answer, served upon the plaintiff's attorneys the written demand provided by section 986 of the Code of Civil Procedure, that the action be tried in the proper county.   The five days allowed the plaintiff to consent to such demand had not expired when the motion was argued, and consequently the defendant's attorneys could not move for an order changing the venue.   The defendant's counsel insists that under rule 80 of the general rules of practice, and the so-called Haggerty act (Laws 1883, p. 558, c. 378, as amended by Laws 1896, p. 241, c. 282), this court has not jurisdiction of this motion; but it has been held that neither of these affects applications for the appointment of receivers in foreclosure proceedings.   United States Trust Co. v. New York, W. S. & B. R. Co., 35 Hun, 341, affirmed in 101 N. Y. 478, 5 N. E. 316. I think, however, in view of the fact that Otsego is the proper county for the trial of the action, and that the defendant has served a written demand that it be tried therein, this court should not entertain this motion, notwithstanding the place of trial has not as yet been changed in the manner prescribed by chapter 10, tit. 1, art. 2, of the Code of Civil Procedure.

It is urged by the plaintiff that the action is now pending in New York county, and may be tried therein, if the defendant does not avail itself of the provisions of section 985 of the Code of Civil Procedure for a change of venue.   A complete answer to this contention is found in the fact that the defendant has indicated its intention, and taken the preliminary steps, and in fact all the steps possible up to date, to avail itself of such privilege, and hence it cannot be fairly claimed that the action is triable in this county.   Moreover, it does not appear that there is such extreme urgency in the situation as to demand immediate action on the part of this court.   Since an order for the appointment of a receiver in a foreclosure action can only be made in the county where the action is triable (United States Trust Co. v. New York, W. S. & B. R. Co., 35 Hun, 343), I am inclined, in view of all the circumstances, to adopt the suggestion of the defendant's counsel, and refer the motion to the Special Term held in and for Otsego county, there to be brought on for hearing on 24 hours' notice.

Ordered accordingly.