# CHARLESTON.

EDWARD L. WADDELL, *Spec. Rec. v.* SHELTON GASOLINE
Co. *et al.*

(No. 5617.)

Submitted April 20, 1926.   Decided April 27, 1926.

1. RECEIVERS—*Receiver of Corporation is Not Bound to Carry
Into Execution and Operation Oil and Gas Lease Under
Which no Steps Had Been Taken to Operate it, if in His
Opinion, it Would be Unprofitable or Undesirable to do so;
Receiver of Corporation Has Reasonable Time After Appointment to Either Accept Oil and Gas Lease to Corporation or to Surrender it.*

   Where a corporation is no longer able to carry on its business at a profit, and it is necessary, for the interests of both
the creditors and stockholders of said corporation, that a suit
in chancery be resorted to to wind up its affairs, and pending
the hearing of the cause, the property of such corporation is
placed in the possession and under the control of a special
receiver, the general rule is that such receiver is not bound
to carry into execution and operation a lease for oil and gas
executed to the corporation, no steps whatever having been
taken to operate under it, if, in his opinion, it would be unprofitable or undesirable to do so; and he has a reasonable
time after his appointment to either accept the lease and be
bound by it or to surrender it to the lessor.   (p. 473.)
      (Receivers, 34 Cyc. pp. 261, 263.)

2. SAME—*If Receiver Elects to Surrender Oil and Gas Lease, Delay Rentals Accruing Thereunder to Lessor Up to Time of
Surrender Cannot be Paid as Operating Expenses of
Receivership.*

   In the event he elects to so make surrender thereof, the delay rentals under such unoperated and undeveloped lease accruing to the lessor up to the time of surrender cannot be
paid as operating expenses of the receivership.   (p. 473.)
      (Receivers, 34 Cyc. p. 263.)

3. SAME—*Where Receiver Elected to Abandon Oil and Gas Lease
Within Reasonable Time After Appointment, Lessor was
Not Entitled to Priority of Claim for Delay Rentals From
Appointment of Receiver to Surrender of Lease by Court's*

*Direction Over Lienors, Nor to Payment Out of Fund in Hands of Receiver as Expenses of Administration.*

A case where no equities existed which entitled the intervening lessor to priority over lienors, nor to payment out of the funds in the hands of the receiver as an expense of administration, of rentals accruing under the terms of a lease from the time said receiver was appointed up to the time the lease was surrendered by the direction of the court.   (p. 475.)

(Receivers, 34 Cyc. p. 263.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by the Hope Construction & Refining Company against the Shelton Gasoline Company and others, in which Edward L. Waddell was appointed special receiver, and in which the Elk River Lumber Company filed a petition for payment of certain notes and delay rentals under an oil and gas lease. From an adverse decree, the Elk River Lumber Company appeals.

*Affirmed.*

*Campbell & McClintic,* for appellant.
*John P. Arbenz* and *H. D. Rummell,* for appellees.

WOODS, JUDGE:

Edward L. Waddell, as Special Receiver of the Little Sycamore Oil & Gas Company, sold and conveyed to the Shelton Gasoline Company certain oil and gas properties situate in Clay County, West Virginia, and took from said gasoline company a mortgage or deed of trust for $75,000.00 of the purchase money. At or about the same time the Hope Construction & Refining Company conveyed to the said gasoline company a compressor station and gasoline plant, with equipment and pipe line, and took a mortgage or deed of trust upon said property for the purchase money amounting to $80,-000.00. The Shelton Gasoline Company failed to meet its payments and this suit was instituted to enforce the mortgage and wind up the corporation. In the suit Edward L. Waddell was appointed special receiver of the property of the Shelton Gasoline Company on August 15, 1924.

It appears that, after the Shelton Gasoline Company had acquired the above-mentioned properties, it also acquired certain oil and gas leases upon additional lands, including a tract of 4,960 acres belonging to the Elk River Company. The annual rental under this lease of $1.00 per acre, payable in quarterly installments of. $1,240.00 in advance, was somewhat in arrears when the receiver was appointed in this suit. For two past-due installments the lessee had given its notes, which were then held by the lessor, both being past due, and the third installment had been due less than a month.

On October 16, 1924, the Elk River Lumber Company filed a petition in said suit setting out its ownership to said 4,960 acres, and the leasing thereof to the Shelton Gasoline Company, the provisions of said lease in reference to rental and forfeiture, the execution of said notes hereinbefore mentioned, the fact that said lease was subject to forfeiture at the option of the Elk River Lumber Company according to its terms, the enjoining of any forfeiture by the decree of the Court appointing said special receiver, the taking of possession of said leasehold by said special receiver under said decree appointing him, and praying that the two notes for $1,240.00 each, including the interest thereon, and subject to said credit of $21.23, said rental, which became due and payable under the terms of said lien on July 25, 1924, and any rentals which would thereafter become due, so long as the court retained possession and control of said leased premises be paid to the Elk River Lumber Company by said special receiver, either with receiver's certificates which had been authorized, or with money which might be in the hands of said special receiver derived from the sale of said receiver's certificates, or from any other source, before any other claims against the Shelton Gasoline Company, either secured or unsecured, were paid, and that if the court should be of the opinion not to retain possession and control of said leased premises, that then, in that event, possession of said leased premises be delivered to the Elk River Land Company by the special receiver, so that the Elk River Lumber Company could re-enter and take possession of said leased premises, and that in that event the said two notes, with interest, as aforesaid, and subject to the

credit aforesaid, and the rentals from July 25, 1924, to the date the said leased premises were delivered to the Elk River Lumber Company, be paid by said special receiver, either with said receiver's certificates or with any money which might be in the hands of said special receiver, derived from the sale of the receiver's certificates or from any other source, before any other claims against said company, either secured or unsecured, were paid, and for general relief.

On November 3, 1924, Edward L. Waddell, special receiver, filed an answer and supplemental bill to said petition of the Elk River Lumber Company, admitting that the Elk River Lumber Company was the owner of the oil and gas underlying said tract of 4,960 acres; that said company leased said property to Alfred Howell, and that the said Alfred Howell assigned said lease to the Shelton Gasoline Company; that said lease contained the provisions hereinbefore set out; that no wells had been drilled under said lease on said 4,960 acres; that the rental under said lease was paid to the Elk River Lumber Company up to the 25th day of January, 1924; that said two notes for $1,240.00 each were executed and delivered as hereinbefore stated; that there was credited the sum of $21.23 as hereinbefore set out; that aside from said credit no payment has been made on either of said notes by the Shelton Gasoline Company or anyone for it, and that except as to said credit both of said notes are due and wholly unpaid; that on July 25, 1924, the rent for the quarter beginning on said date became due and payable, and that the same has not been paid, and no note has been given for the same. And said special receiver further admits that, by reason of the failure of the Shelton Gasoline Company to pay said rentals as the same accrued or matured under the terms of said lease, the said lease was subject to forfeiture at the option of the Elk River Lumber Company, and that on the 15th day of August, 1924, he was appointed special receiver for the Shelton Gasoline Company, and that, by authority of the decree appointing him as such receiver, he took possession of all the property of the company, and that said decree enjoined all creditors, directors and agents of the Shelton Gasoline Company until the further order of the court, from interfering in any way

with the property of the Shelton Gasoline Company or with the receiver in the discharge of his duties. Said special receiver further admitted that the Elk River Lumber Company was entitled to receive payment of said two notes subject to said credit, and also the rental which became due and payable on July 25, 1924, as well as any rentals which may thereafter become due, so long as the leased premises were in his possession or in charge of the court; but denied that the Elk River Lumber Company was entitled to any priority in the payment of said several sums, either by receiver's certificates or by any money which might be in the hands of said receiver, derived from the sale of receiver's certificates or from any other source whatsoever. Said answer and supplemental bill further alleged that he believed it would be to the best interests of the creditors and stockholders of the Shelton Gasoline Company that the Elk River Lumber Company be permitted to assert its right and forfeit said lease, and be permitted forthwith to re-enter and take possession of the land covered by said lease and that the Elk River Lumber Company be decreed to be entitled to receive the amount of said notes, less the credit of $21.23 and the amount of all rentals which may have accrued from the 25th day of July to the date of such order, as the court may enter permitting such forfeiture to be declared and made effective; but denied the right of said petitioner to any preferential claim whatsoever because or on account of the rent of any part thereof due it, as aforesaid.

A decree was entered on the 28th day of January, 1925, in said suit, permitting the Elk River Lumber Company to declare said lease forfeited, and terminating any rights of the Shelton Gasoline Company or said special receiver under said lease, and authorizing the Elk River Lumber Company to re-enter and take possession thereof, free from any claims or rights of said Shelton Gasoline Company, or the said special receiver, and reserving for the future consideration of the court all questions in reference to said notes and rentals, and all questions in reference to the priority, if any, of said notes and rentals, or any part thereof. Immediately upon the entering of said decree the Elk River Lumber Company

re-entered and took possession of said leased premises. While, in the petition of the Elk River Lumber Company, it claims that it is entitled to have all of the rentals due it, accruing both before and after said receiver was appointed, declared a lien on the property of the Shelton Gasoline Company having priority over the liens of the Hope Construction & Refining Company and Edward L. Waddell, Special Receiver for the Little Sycamore Oil & Gas Company, on the hearing in the court below the Elk River Lumber Company did not claim that it was entitled to have a lien for the rentals due it up to the date of the appointment of the receiver but did claim that, as to the rentals accruing from the date said receiver was appointed up until the time said lease was surrendered, it was entitled to have a lien therefor, to be paid as a part of the costs of said receivership and having priority over the aforesaid liens. The court of common pleas later held that the rentals accruing pending the receivership were not a prior or secured debt against the Shelton Gasoline Company, nor entitled to payment out of funds in the hands of the receiver as an expense of administration, but gave a decree for the amount thereof as an unsecured debt. The circuit court of Kanawha county, on November 30, 1925, refused an appeal and supersedeas to said decree. It is now here on appeal.

Stripped of its complications, the only issue in this cause is whether or not the Elk River Lumber Company is entitled to a lien having priority over the liens of the Hope Construction & Refining Company and Edward L. Waddell, Special Receiver for the Little Sycamore Oil & Gas Company, for the rentals from the time said receiver was appointed in this suit up to the time the lease was surrendered by direction of the court?

Does the accruing rent constitute a legal liability against the receiver, as such? A receiver *pendente lite* is a person appointed to take charge of the fund or property to which the receivership extends, while the cause remains undecided. The title to the property is not changed by the appointment. The receiver acquires no title, but only the right of possession as the officer of the court. The title remains in those in whom it was vested when the appointment was made. The object of

the appointment is to secure the property pending the litigation, so· that it may be appropriated in accordance with the rights of the parties, as they may be determined by the decree in the suit. *Stokes* v. *Hoffman House,* 167 N. Y. 554; *Skip* v. *Harwood,* 3 Atk. 564; *Gresley* v. *Adderley,* 1 Swanst. 573; *Green* v. *Bostwick,* 1 Sandf. Ch. (N. Y.) 185; *Singerly* v. *Fox,* 75 Pa. St. 112; Kerr on Receivers, 157. The plaintiff here was a chancery, or, as it is sometimes called, a common-law, receiver, not a statutory one. *United States Trust Co.* v. *Railroad Co.,* 101 N. Y. 483; *Davis* v. *Gray,* 16 Wall. 218; *Railroad Company* v. *Humphreys,* 145 U. S. 82. If it be ·true that a chancery receiver takes no title to a leasehold estate, but mere possession as an officer of the court, we do not see how any privity of estate can be created between him and the lessor by which he can become liable as assignee on the covenant to pay rent. In any event, this would not be true unless he adopts the lease. The terms of the order appointing plaintiff receiver did not require him to pay the accrued rent.

Much ·stress is laid upon the case of *Kneeland* v. *American Trust Company,* 136 U. S.   104.  It is there said that the rental value ·of the rolling stock while it is in the hands of a receiver appointed at the instance of the mortgagee, in a suit to foreclose the mortgage, and used by such receiver in operating the road is properly allowed as a prior claim to the mortgage' indebtedness.  The receiver replies to this, that it is applicable only to where the premises are occupied and used by the receiver of a court, and benefit received therefrom; that this is a case of a mere grant of an incorporeal right, which has never been exercised by the grantee prior to the receivership, and was never exercised by the receiver.  The lease set up by the appellant is the usual oil and gas lease, and constitutes a mere license to the lessee to enter, mine, and explore for minerals, and vested no rights in the property itself; the right being optional with the lessee as to whether he would ever enter upon and take possession of the land. There was no property upon the premises to become subject to a lien as for rent. *Campbell* v. *Lynch,* 81 W. Va. 374; *South Penn Oil Company* v. *Snodgrass,* 71 W. Va. 438; *Steelsmith* v. *Gartlan,* 45 W. Va. 27.

The contract, being executory, falls within the rule of those cases holding that a receiver is not bound to adopt or to perform executory contracts of the corporation for whom he is receiver; hence, "subject to the order of the court, he has the right to elect whether he will perform the contract, and is entitled to a reasonable time within which to make such election." 23 R. C. L. 75; *Sunflower Oil Co.* v. *Wilson,* 142 U. S. 313. A receiver is not bound to carry out the executory contracts of the corporation, but he may disregard them. Beach on Receiver, § 328. The power to adopt or reject the defendant's contract, to accept those which are of an advantage to the trust estate, and reject the burdensome ones, is restricted to the receiver. *Griffith* v. *Boom & Lumber Co.,* 46 W. Va. 56. No claim is made by the appellant that the receiver here adopted the lease. But it is insisted that the receiver taking possession of its land and holding it until the lease was judicially surrendered makes the receiver liable to the lessor for the rent reserved in the lease and that it should be paid as a part of the receivership expenses. "A receiver of a lease does not become responsible for rent merely by accepting the trust and receiving the assets, unless he elects to take possession of the leased property and assume the liability to pay the rent or do some act which is in law equivalent to such an election. He is not bound to adopt a lease, if, in his opinion, it would be unprofitable or undesirable to do so." 23 R. C. L. 75, 76.

Applying the foregoing legal principles to the case under consideration, the receiver made no entry on the land, in pursuance of the lease, nor did any drilling or other affirmative act evidencing his intention to accept the burdens of the executory contract contained in the lease. There is therefore a clear distinction between the case under consideration and the case where a receiver acquires actual possession of property of a lessor, and either used for the benefit of the estate, or precludes the lessor from its use. Nor can the payment of rent be demanded of him as being required under the stress of necessity, in order to save the mortgaged property. It will be noted that there was a failure to pay the rental, or make provision therefor, for the current quarter, at the time the

receiver took charge of the property. May we not conclude that the receiver elected to abandon the lease within a reasonable time?

On the filing, by the Elk River Lumber Company, of its petition before the accrual of another quarter's rental, after his appointment, the receiver promptly filed his answer in court, stating that he had never had any property upon the premises; that the same were undeveloped; that he was without funds for their development; and, therefore, that he believed that it would be to the best interest of the creditors and stock holders that the petitioner be permitted to forfeit said lease. The Elk River Lumber Company had never prior to filing of its petition made any assertion to the receiver of its rights under the lease. It was not a party to the chancery proceeding in which the receiver was appointed; hence it was not bound by the injunction order restraining the lessors in any lease then held by the Shelton Gasoline Company from declaring any forfeiture thereof. As this court said in *Coal & Coke Ry. Co.* v. *Conley,* 67 W. Va. 203: "It should have been limited to the defendants, since no other persons were parties or in any wise bound by the decree." The injunction in this case, being a merely temporary one, the court was open at all times after its entry to any party claiming rights adverse to the receiver to present his claim to the court and secure whatever relief he might be entitled to. The appellant's debt was unsecured, and the general rule is that a court of equity cannot displace vested rights by the appointment of a receiver, and place unsecured debts and expenses incurred by such receiver in a position of superiority to prior liens. Especially is it true here where the rental asked for by the appellant was not in fact an expense of the administration, nor a debt contracted by the receiver in the case. As the Court said in *Quincy Railroad Company* v. *Humphreys,* 145 U. S., at page 104: "But here this rental was certainly not an expense originated in the process of administration by the court, and the road was surrendered as soon as the lessor would take it. Nor did the mortgagees consent to have the claim charged upon the *corpus* of the property in preference to their mortgagees." In *St. Joseph Railroad* v. *Humphreys,*

145 U. S. 105, a like principle was applied. This is the rule laid down by the text-writers on receivers. High on Receivers, § 36.

As bearing upon the general equities of this case, it may be remarked that, while the proceedings in the administration of the receivership did undoubtedly result in the detention of the leasehold from its lawful owners for a short period of time, the gasoline corporation during this time earned nothing from said lease, and there is nothing in the record to show that it would have been profitable during the time of its detention, in the hands of its owner, so that, in fact, it lost nothing.

On the face of the record we are of opinion that the lower court was right in decreeing the rentals accruing from the date said receiver was appointed up until the time the lease was surrendered as an unsecured debt, and having no priority over liens on said property, nor entitled to payment out of the funds in the hands of the receiver as an expense of the administration thereof.

*Affirmed.*