WILLIAM HUNGERFORD AND ANOTHER *vs.* THE CITY OF HART-
FORD.

A sewer was constructed in a part of a street of the city of Hartford, of larger size than was needed for the accommodation of the land bordering upon that part of the street, such size being adopted so as to allow a future extension through the whole street, which was more than a mile long, and so as to take into it the lower portion of a surface brook that ran in a neighboring gully and which was becoming offensive by receiving the drainage of an extensive neighborhood. The entire cost of the sewer was assessed by the city authorities upon the land owners on that part of the street through which the sewer was made. The charter of the city allowed its authorities to assess the entire cost of sewers on the property benefited by them. On an appeal from the assessment to a judge of the Superior Court, taken on the ground that the cost should not be assessed on such land owners alone, and especially that the neighborhood benefited by the drainage of the brook should be assessed for a part, it was found that the lands assessed were in fact benefited beyond the amount assessed upon them, and that the inclosure of the brook was a benefit in removing a nuisance affecting the lands assessed, and judgment was rendered affirming the assessment. Held that there was no error.

APPEAL from an assessment of benefits by the authorities

of the city of Hartford from the laying out and construction of a sewer; taken, under the provisions of the city charter, to Judge *Carpenter* of the Superior Court, the appellants alleging as a ground of appeal that the assessment was unjust, illegal and excessive.

Upon the hearing the following finding was made by the judge:

The entire cost of the sewer was $16,115. The amount assessed against the appellants was $2,025. They own land fronting 450 feet on the east side of. Broad street, in which the sewer was made, and it is upon this land that the assessment was made. The sewer was constructed four feet in diameter, and it is in contemplation to extend the same through the whole length of Broad street, from Park river to New Britain avenue, a distance of one mile or more. It was built of that size for the purpose not only of draining the lands assessed, but of receiving and discharging the contents of such extension, and of other sewers connected therewith, and also for receiving and discharging the surface water of a large tract of land, or water shed, extending from Rocky Hill on the west, to Washington street on the east, covering an area of several hundred acres, and also the water from lateral sewers connected with the various highways within this watershed. Prior to the construction of the sewer, this surface water found its way to Park river through a large brook running west of, and not upon or through, though near, the land of the appellants. Since that time the brook has been turned into the sewer, and through it discharged into the river. The land over which the brook formerly flowed, has been reclaimed by means of the sewer, and the respective owners, who have been benefited thereby, have been assessed and made to contribute towards the expense of the sewer.

I do not find that the sewer is any too large for the various purposes for which it is designed, as above stated, but on the contrary I am of the opinion that the necessities of that part of the city, having due regard to its prospective growth, require in that locality a sewer of the size of the one constructed.

A sewer of much smaller size, and costing less money,

would have afforded ample drainage for ordinary sewerage or all the land assessed.

Before this sewer was constructed, several smaller ones had been constructed at some distance from Park river, for the drainage of various public streets crossing Broad street and the brook, and the privies and private premises situated thereon. These lateral sewers were then in use, were situated above the appellants' land, and discharged their contents into the brook, which contents were carried upon the surface along the brook in the vicinity of Broad street, and in the vicinity of the appellants' land, to the river, thereby causing an offensive nuisance, so that a diversion of the brook through this or some other sewer became a necessity.

The owners of the land lying beyond and away from the sewer now constructed, and who cannot drain thereinto directly, but who can only use the same by draining into an extension of it, either directly or through lateral sewers connecting therewith, were not assessed in this proceeding; nor were those whose premises were drained by the sewers heretofore constructed, and emptying into the brook, nor was any part of the expense of the sewer left to be paid by the city, but the whole was imposed upon the proprietors directly adjoining the sewer.

I find that the land of the appellants is benefited by the sewer to an amount exceeding the sum of two thousand and twenty-five dollars, and that that sum is the just proportion of the entire cost of the sewer which the appellants ought to pay, and which I hereby assess upon them as betterments accruing to them in consequence of said improvement. And it is therefore considered and adjudged that the city of Hartford recover of the appellants the said sum of two thousand twenty-five dollars, for betterments as aforesaid, and that execution issue therefor according to law.

The appellants filed a motion in error, under a statute authorizing motions in error in such cases, and brought the record before this court for revision. The following was the assignment of errors:

1. That upon the facts, as they appear in the finding of

the judge, the prayer of the appellants should have been granted, and judgment rendered in their favor instead of in favor of the appellee.  2.  That the whole assessment of benefits was made only upon the owners of land abutting upon the sewer, and not upon other persons whose land was specially benefited.  3.  That the sewer was constructed much larger than was necessary for ordinary sewerage, for the purpose of receiving a natural watercourse and draining a large tract of land, and relieving that portion of the city from a nuisance, and the appellants should have been assessed only for such reasonable sum as was necessary for ordinary sewerage.

*Cole*, for the plaintiffs in error, cited Charter of the City of Hartford of 1859, secs. 7, 8 ; Const. of Conn., sec. 1 ; *Nichols* v. *City of Bridgeport*, 23 Conn., 189, 205 ; *Trinity College* v. *City of Hartford*, 32 id., 476, 477 ; *Clapp* v. *City of Hartford*, 35 id., 66, 78 ; *City of Chicago* v. *Larned*, 34 Ill., 203 ; *Wright* v. *City of Chicago*, 46 id., 44 ; *St. John* v. *East St. Louis*, 50 id., 92 ; *Hoyt* v. *City of Saginaw*, 19 Mich., 39 ; *People* v. *City of Brooklyn*, 23 Barb., 166 ; *State* v. *City of Hudson*, 29 N. Jer., 104, 114 ; *State* v. *Town of Bergen*, id., 266 ; *Piper's Appeal*, 32 Cal., 530 : *Reese's Appeal*, id., 567 ; *Hammett* v. *City of Philadelphia*, 65 Penn. S. R., 146.

*Buck*, for the defendant in error, cited *Nichols* v. *City of Bridgeport*, 23 Conn., 189 ; *Cone* v. *City of Hartford*, 28 id., 376 ; *Hoyt* v. *City of East Saginaw*, 19 Mich., 43 ; *Scovill* v. *City of Cleveland*, 1 Ohio S. R., 138 ; *People* v. *City of Brooklyn*, 4 Comst., 419 ; *Town of Guilford* v. *Cornell*, 18 Barb., 615 ; *Kelsey* v. *King*, 32 id., 410 ; *Matter of William and Anthony Streets*, 19 Wend., 678 ; *Brewster* v. *City of Syracuse*, 19 N. York, 116 ; *Barton* v. *City of Syracuse*, 36 id., 54 ; *Wright* v. *City of Boston*, 9 Cush., 233 ; *City of Boston* v. *Shaw*, 1 Met., 130 ; *Hingham & Quincy Bridge Co.* v. *County of Norfolk*, 6 Allen, 353 ; *Dorgan* v. *City of Boston*, 12 id., 236 ; *City of Springfield* v. *Gay*, id., 612 ; *McMasters* v. *The Commonwealth*, 3 Watts, 292, 296 ; *Schenley* v. *City*

*of Allegheny*, 25 Penn. S. R., 128 ; *Hill* v. *Higdon*, 5 Ohio S. R., 243 ; *Maloy* v. *City of Marietta*, 11 id., 636 ; *Egyptian Levee Co.* v. *Hardin*, 27 Misso., 495 ; *Commissioners of Allen County* v. *Silvers*, 22 Ind., 491 ; *City of Peoria* v. *Kidder*, 26 Ill., 351, 357 ; *M'Culloch* v. *State of Maryland*, 4 Wheat., 316.

PARK, J.   The errors assigned in this case do not point out distinctly, in accordance with our rules, any errors of law claimed to have been committed by the judge in the trial of this cause.

The first assignment of error is merely formal.   It sets forth that upon the facts found the prayer of the appellants should have been granted and judgment should have been rendered in their favor.   This is entirely too indefinite, and we pass it without consideration.

The second assignment of error asserts " that the whole assessment of benefits was made upon the owners of land abutting upon the sewer, and not upon the persons whose lands were especially benefited."

It does not appear in the case that other lands than those along the line of the sewer were specially benefited.   The lands extending from Rocky Hill on the west to Washington street on the east, which are claimed by the appellants to be specially benefited by this improvement, are not found by the judge to be so benefited, and so far as we can see are not so in fact.   These lands are drained now in the same manner as they were before the sewer was constructed.   All that can be said is, that formerly the surface water from them found its way to Park river through a large brook, but now the brook is turned into the sewer, and so far as the sewer extends up Broad street it forms the conduit for these waters to the river.   But the lands are drained before the water reaches the sewer, and what matters it, so far as benefit to these lands is concerned, whether the accumulated water flows all the way through a natural, or a part of the way through an artificial channel to the river ?   We think the case furnishes no foundation for this claim of the appellants.

The third and last error assigned is that " the sewer was

constructed much larger than was necessary for ordinary sewerage, for the purpose of receiving a natural water-course, and draining a large tract of land, and relieving that portion of the city from a nuisance ; and that the appellants should have been assessed for only such reasonable sum as was necessary for ordinary sewerage."

The appellants here complain of the size of the sewer, and yet the judge has expressly found that it was no larger than the necessities of the locality required. Suppose a sewer had been constructed to meet the private wants of the appellants and others along its line for ordinary sewerage purposes only, what would have been the consequence ? The judge has found that it is in contemplation to extend the sewer through the whole length of Broad street, a distance of one mile or more. Hence it may be inferred that the time is not far distant when a sewer will be necessary at least for a portion of the remaining way. When that time shall come, the same rule would of course apply to those along the line of the new sewer that is now asked to be applied to the appellants ; and the same rule would govern as the necessities of a sewer should develop themselves through the whole extent of Broad street; and the consequence might be that fifty different sewers running to Park river would be required, to meet the wants of the entire street.

It may be said, and probably has been said, that an improvement of this character should have been laid out through the whole extent of the street at one time, so that all the persons along the line specially benefited should be compelled to contribute to its construction in just proportion ; and that it is unjust for those living near to Park river, where the sewer is required to be much larger than elsewhere along the line, to pay the expenses of a sewer so much larger than their own necessities require.

It is difficult to prescribe any general rule on this subject. Circumstances alter cases very essentially. One set of circumstances probably would have required that the authorities should act in accordance with the rule urged by the appellants,

while another set of circumstances might require that they should act as they have done in this case. It is to be presumed that they acted in good faith in the construction of the sewer, both in respect to its dimensions and its extent, and that they have taken into consideration all the surrounding circumstances in order to ascertain what was best to be done. If the appellants have to pay more towards the construction of this sewer than they would have done under other circumstances, it is owing to the peculiar character of the locality. The case finds that they are benefited to a greater extent than their assessment, so that the sewer adds more to the value of their land than it takes from them, and leaves the balance in their favor. The case further finds that the necessities of the appellants required a sewer of greater dimensions than what was necessary for the removal of the waste water of their premises. The brook, which ran in the vicinity of the appellant's land, became a nuisance by reason of offensive matter from sewers being discharged into it, and left along its banks. The removal of this nuisance became a necessity, and this was accomplished by discharging the waters of the brook into the sewer. Hence it appears that the appellants were specially benefited to a greater extent than they would have been in ordinary circumstances.

But it is said that the appellants ought not to have been assessed to a greater extent than their just proportion of the cost of a sewer no larger than the necessities of ordinary sewerage required, and that the burden of paying the remainder should have been left to the city. But the city have the right by virtue of their charter to assess the whole expense of constructing sewers upon those specially benefited, provided the special benefit is equal to, or exceeds, the expense of constructing them. This was so decided in the case of *Clapp* v. *The City of Hartford*, 35 Conn., 66.

The appellants were specially benefited to a greater extent than their assessment. Hence it was discretionary with the city whether they would assess the whole expense of the sewer upon those specially benefited or not. They have

chosen to do so, and we think their decision is final in the matter.

There is no error in the judgment complained of.

In this opinion the other judges concurred ; except CARPEN-TER, J., who having heard the case below did not sit.