THOMAS KELLY vs. THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A clause in the charter of the city of Waterbury prescribed that no
public improvement should be ordered until an appropriation for
the same had been duly made. *Held* that this restriction would
not prevent the board of aldermen from passing a final order for
the new layout of a street, provided adequate appropriations had
theretofore been made which would become available for that pur-
pose before any claim for damages arising from such improvement
could mature or be enforcible against the city.

The plaintiff contended that an amendment of the defendant's charter,
passed in 1905, providing that benefits and damages in cases of
this character should not be payable or collectible until the com-
pletion of the improvement, was unconstitutional. *Held* that even
if this were true the plaintiff would gain nothing, since in that
event the original provision of the charter would apply, by the
terms of which a claim for damages or benefits would not accrue
until after the time when the appropriation in the present case
became available.

Proceedings for a public improvement cannot be said to have passed
their tentative stage until final action thereon is taken by the proper
municipal authorities.

Submitted on briefs April 22d—decided June 14th, 1910.

ACTION to recover damages alleged to have been sus-
tained by the plaintiff from the new layout and survey
of a city street in front of his premises, brought to the
Superior Court in New Haven County where a demurrer
to the complaint was sustained *pro forma* by *Williams,
J.*, and judgment was rendered for the defendant, from
which the plaintiff appealed. *No error.*

*Terrence F. Carmody,* for the appellant (plaintiff).

*Francis P. Guilfoile* and *William E. Thoms,* for the
appellee (defendant).

PRENTICE, J. The plaintiff seeks compensation for injuries claimed to have been sustained by him by reason of an unlawful appropriation of a piece of his land for highway purposes. The charge of unlawful appropriation is based upon the claim that the proceedings which were taken by the defendant for the condemnation of the land were of no effect, for the reason that they were had in violation of limitations in its charter in substance that neither the city, nor any department, officer, or board of commissioners thereof, should incur any liability or expense, by contract or otherwise, for which the city should be responsible, in excess of appropriations made by the board of aldermen in a manner provided in the charter; and that no improvement of any kind should be ordered, until an appropriation for the same had been duly made and funds to pay for the same had been provided and set out for that purpose. 12 Special Laws, p. 459, § 92, p. 469, § 133.

During the year 1906 the board of aldermen of the defendant took action, pursuant to the provisions of its charter, to make a new street layout which involved the taking of the plaintiff's land in question. These proceedings culminated in final action by the board on December 19th, 1906, approved by the mayor on the following day, adopting the report of the bureau of assessments. The improvement cannot be said to have been ordered before that action was taken. Until that time the proceedings had been tentative, and the city was free to discontinue them. Then the obligation of the city became fixed, and the door of retreat first closed. *Bohannan* v. *Stamford*, 80 Conn. 107, 109, 67 Atl. 372; *Shannahan* v. *Waterbury*, 63 Conn. 420, 425, 28 Atl. 611. At this time the appropriations available for the payment of the damages awarded, and the estimated cost of construction, had been so far exhausted

by liabilities already incurred that there was not a sufficient balance to make these payments. Appropriations had been made, however, which would be available for the purpose on January 1st, 1907, and be sufficient therefor. At all times since that date there have been adequate available appropriations. In April, 1909, the defendant deposited with the city treasurer, as provided by charter, the amount of the damages awarded to the plaintiff, and thereafter entered upon the land attempted to be condemned, and constructed the highway upon the layout.

An amendment to the defendant's charter, adopted in 1905 (14 Special Laws, p. 774), provides that benefits and damages of this character shall not be payable or collectible until the work shall have been completed. The plaintiff contends that this provision is unconstitutional and void. If this be assumed, the time when the damages assessed to the plaintiff by the action of the board on December 19th, 1906, approved December 20th, became payable, would be determined by the provision of the charter of 1895, to wit, upon the first week day after the next regular meeting of the board of finance following the publication of the assessments, which was required to be made within one week after their entry upon the records of the board of aldermen. 12 Special Laws, p. 454, § 76. The charter provided that the regular meetings of the board of finance should be held on the first Tuesday of each month. Its next meeting after December 20th was therefore not earlier than January 1st, 1907. Whether or not, then, legal effect be given to the amendment of 1905, the fact remains the same, that no liability was incurred by the action of the board of aldermen in 1906 which could constitute a demand upon the city or be enforcible against it before January 1st, 1907, when an appropriation made prior to December 20th, 1906, became avail-

Kelly *v.* Waterbury.

able for its full satisfaction. The question thus presented resolves itself into this: Is action by the defendant or its governmental agencies which creates a liability that will mature at some future time forbidden by the defendant's charter, if, at the time of such action an appropriation has been made which will assuredly be available to satisfy the liability thus incurred when it accrues?

We think that the answer to this question must be given in the negative. There is nothing in either the letter or manifest purpose of the provisions quoted which points to a contrary conclusion. Under the conditions stated, an appropriation to meet the liability would have been made and funds to pay for the same provided when the improvement was ordered and the liability incurred, and the liability would not be in excess of the appropriation made. That is all that the language requires. If it can be said that there is any ambiguity about it, an interpretation of it with a regard to the mischief aimed at and the apparent intent of the legislature naturally leads to the conclusion stated. Any other would be one which would create serious purposeless embarrassments to the orderly and efficient administration of many of the larger affairs of the city, and it is not to be presumed that the legislature intended any such result.

In the circumstances of the present case, the conditions stated in the question thus answered are fully met. If the assessments of damages made to the plaintiff and others by reason of this public improvement were not payable until the land was physically taken, and the work commenced or completed, then the appropriation for the year 1907, necessarily made prior to December 19th, had, during the period of that year and thirty days afterward, been at the service of the city to be utilized by it in paying them, either vol-

untarily or under the compulsion of a duty arising from the execution of the work which the city might have executed. 12 Special Laws, p. 459, §§ 92, 93. Appropriations ample to meet these payments have at all times since been available. It could not, therefore, be said that the liability was improperly incurred when it was incurred. If, on the other hand, the assessments were payable at the time fixed in the charter before its amendment, then the appropriation for 1907 was ample to satisfy them, and available for that purpose when they fell due.

There is no error.

In this opinion the other judges concurred.