FRANCESCO DELLARIPA'S APPEAL FROM THE DOINGS
OF THE BOARD OF STREET COMMISSIONERS OF THE
CITY OF HARTFORD.

First Judicial District, Hartford, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

Under the charter of the city of Hartford (Revision of 1908, §§ 112, 113),
   the power of the court of common council over the layout and con-
   struction of sewers is plenary.
Until an assessment of benefits and damages, made by the board of
   street commissioners for the construction of a sewer, has been
   adopted by the court of common council, that body may discon-
   tinue the proceeding already begun and substitute a new and dif-
   ferent layout; and its power to do this is not affected by the fact
   that a city meeting had voted to appropriate $50,000 toward the
   cost of constructing the sewer as at first contemplated.
The appellant, a property owner assessed for special benefits, contended
   that no valid assessment could be made without first applying the
   $50,000 appropriation to the construction of the sewer. *Held* that
   such application would have been beyond the power of the city
   officials and would have constituted an unauthorized and illegal
   diversion of the money, the project for which it was voted having
   been abandoned by the court of common council.
Public money appropriated for one object can be used for that object
   only.
The charter further provides (§ 163) that the common council shall
   not order a public work or improvement requiring an expenditure
   of more than $10,000, unless approved by a majority vote of a
   city meeting. *Held* that inasmuch as an assessment of special
   benefits and damages for a public improvement must necessarily
   be made before the amount remaining to be paid by the munici-
   pality could be determined, there was no adequate reason why
   this order of procedure should not be followed and the assessment
   of benefits precede the appropriation of money by the city.
The fact that an old sewer, which consisted in part of an open brook,
   had become a nuisance, does not lessen the duty of the city to abate
   it, nor impair the city's right to make a new layout and to resort
   to an assessment of benefits to defray in part the cost of construct-
   ing the new sewer. Whatever obligations the city may have in-
   curred for injuries to property owners arising from the creation
   and maintenance of the nuisance, may be relevant in another pro-

ceeding, but they are not relevant to a proceeding in which the city is abating the nuisance by orderly method.

The question whether a property owner is or is not specially benefited by a local public improvement, is one of fact, the decision of which is not reviewable on appeal, unless the subordinate facts found show that the conclusion is unreasonable.

The removal of an open sewer through one's land is an obvious benefit to it.

Argued October 6th—decided November 10th, 1914.

APPEAL from an assessment of benefits and damages on account of the proposed layout and construction of a conduit enclosing portions of the Gully Brook sewer, so-called, taken to the *Hon. Edward L. Smith,* judge of the Court of Common Pleas for Hartford County, and referred by him to a committee (William J. McConville, Esqr.) who found and reported the facts. The report of the committee was accepted by *Judge Smith* and thereupon judgment was rendered ratifying and confirming the assessment complained of, from which the appellant appealed to this court. *No error.*

*Birdsey E. Case,* for the appellant (Dellaripa).

*John W. Coogan* and *William J. Hamersley,* for the appellee (Board of Street Commissioners).

WHEELER, J. The Gully Brook sewer ran along the course of the stream known as Gully Brook in Hartford, and for quite a distance in the bed of the brook, being in part an open sewer. Thence it was extended in part on private land and in part on highways.

While the sewer was in this location, the board of street commissioners of the city of Hartford made its report to the court of common council of the city, recommending the layout and construction of a conduit to enclose the part of the sewer located in Gully Brook. The common council board amended the resolution ac-

companying the report by appropriating $50,000 to be applied toward the cost of constructing a certain part of the conduit, and directed the mayor to insert in the warning of the next city meeting a clause providing for a vote at the meeting upon the question of such appropriation. The report of the street board was accepted, and the resolution, as amended, adopted by both branches of the court of common council. The resolution was then duly referred to the board of street commissioners for assessment of the benefits and damages. Up to this point all the provisions of the charter had been complied with.

Subsequently the city meeting voted to appropriate $50,000 to be applied toward the cost of constructing certain portions of this conduit in accordance with the amendment, and this part included the portion of the conduit crossing the appellant's land. Thereafter the court of common council rejected this resolution of layout. The board of street commissioners thereupon recommended to the court of common council a new layout and construction of a conduit to enclose the Gully Brook sewer. The court of common council accepted the report and adopted its accompanying resolution for the layout and construction of the new conduit.

All proceedings were duly had and the report referred to the board of street commissioners for assessment. The board made report of its assessment to the court of common council, which accepted it. The cost of the conduit was therein estimated to be $132,789.65. The assessments to those specially benefited was $22,789.65, and this amount included the sum of $404.07 of special benefits to property of the appellant. The remainder of the cost was assessed against the city of Hartford, viz., $110,000.

The appeal attacks the assessment made upon the

appellant upon four grounds, which we shall consider in order.

1. That the city of Hartford was without power to levy this assessment, because the appropriation of $50,000 had not been apportioned or applied toward the construction of this conduit.

The appropriation was voted by the city meeting to apply toward the cost of constructing the Gully Brook conduit as then laid out. The power of the court of common council of Hartford over the layout of sewers is plenary. Charter (Revision of 1908) pp. 58, 59, §§ 112, 113. This layout was duly made by it. Before the proceeding was complete and the assessment adopted, it rejected the report of the board of street commissioners with the accompanying resolution of layout, and in lieu of the layout theretofore made adopted a new layout for this conduit which was in part along the course before adopted. Until the assessment had been made and adopted by the court of common council, the obligation of the city did not become fixed; before that time it had the right to discontinue the proceeding. *Kelly* v. *Waterbury*, 83 Conn. 270, 76 Atl. 467. The final rejection of the report with the accompanying resolution, it is conceded, was equivalent to a reconsideration and repeal of the former action of the court of common council. The action theretofore taken upon this layout was thus rescinded and the old layout became nonexistent. The new layout was a new proceeding wholly separate from and independent of the old. The power of the court of common council under the charter to reject the old layout and adopt the new is not open to question. The existence of the appropriation of the city meeting did not affect the power of the common council to reject the old layout. The appropriation, by the terms of the vote, was applicable only to the construc-

tion of a sewer along the old layout. There was nothing in the vote which made the expenditure of the appropriation obligatory upon Hartford for any conduit save that authorized by the old layout. An appropriation of public moneys for one object can be used solely for that object. It was beyond the power of the officials of Hartford to divert the appropriation to the construction of a conduit based upon a new layout, since that constituted in law a new purpose and a different use.

2. That the board of street commissioners was without power to make the assessment, because no legal appropriation had ever been made of the sum assessed as the share of the city of Hartford of the cost of construction of this conduit.

The foundation upon which the appellant rests this claim is § 163 of the charter (Revision of 1908, p. 79), which provides that the common council shall not order a public work or improvement, which shall require an expenditure of more than $10,000, unless approved by a majority at a city meeting. The amount of special assessments cannot be known until laid, and hence the net amount to be paid by those specially benefited, and the amount remaining to be paid by the city, cannot be ascertained until that time. No appropriation of the share to be paid by the city could therefore be made until after the assessments were laid. This practical difficulty fully answers this claim to an appropriation preceding the assessment. Since the special assessments are not enforceable under the charter until the completion of the improvement, the obligation of the city for these does not arise until this time. Thereafter, as we have seen, it could not discontinue the proceeding. There would thus appear to be no adequate reason for denying the city of Hartford the right to lay assessments prior to an appropria-

tion sufficient to pay the share of the city toward the improvement.

3. That the city of Hartford was without power to make the assessment, since the construction of the conduit consists merely in the abatement of a nuisance created by the city.

The report of the committee finds as a fact that the part of the sewer in the bed of Gully Brook was a nuisance. The power of the city to construct sewers is complete. Its duty to abate the nuisance created by an open sewer in Gully Brook was, upon the record, imperative. An improvement of this character might entail upon some property owners a special damage and give to others a special benefit. The charter expressly gave the right to assess a proportional amount of the cost upon any person specially benefited, and to appraise and assess the damage to any owner specially damaged. The right of assessment existed, whether the sewer was constructed to remove a present nuisance or for ordinary sewer purposes. Whether the city had created the nuisance and violated the rights of property owners does not lessen its duty of abatement, nor affect the benefit to some owners, and the damage to others, by its abatement. Nor does it lessen its right to invoke the provisions of the charter to secure the layout of a sewer to abate the nuisance and an assessment of benefits and damages resulting from such layout. Whatever offense the city may have committed, in creating and maintaining the nuisance, and whatever obligations it may have incurred for the injury arising from the creation and maintenance of the nuisance, may be subjects for another proceeding, but cannot be relevant to a proceeding where the city is abating the nuisance by orderly method. In *Hungerford* v. *Hartford*, 39 Conn. 279, an assessment made under similar conditions was sup-

ported, and this decision, in our opinion, controls this assignment of error.

4. That the city of Hartford was without power to make the assessment, because the appellant is not specially benefited by the construction of the conduit.

The decision of this question is one of fact. The finding of the special benefits by the committee is conclusive, since no facts appear of record which show that such a finding could not reasonably have been made. The contrary appears, since it is found that the conduit will remove an open sewer from the appellant's land— an obvious benefit.

There is no error.

In this opinion the other judges concurred.