EDWARD B. REILEY, JR., ET ALS. *vs.* THE CITY OF
WATERBURY.

Third Judicial District, New Haven, June Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

The charter of the city of Waterbury, passed in 1895 (12 Special Laws,
p. 454, § 76), required that damages for land taken for a public
improvement should be paid shortly after the publication of the
assessment of benefits and damages by the city clerk; but the city
contended that an amendment of § 114 of the charter, enacted in
1905 (14 Special Laws, p. 773), had deferred or postponed the time
of payment of damages, as well as of benefits, until the completion
of the improvement. *Held* that if the amendment of 1905 did pur-
port upon its face to authorize such postponement or delay in the
payment of the sum awarded as damages for the taking of the plain-
tiffs' land, it was to that extent unconstitutional and inoperative
(Constitution of Connecticut, Art. I, § 11), for the "just compen-
sation" therein required meant a fair equivalent in money to be
paid at least within a reasonable time after the taking; and that
if the amendment did not so purport, the same result followed,
viz., that § 76 of the charter fixed the time for the payment of the
plaintiffs' compensation or damages, and that from such date they
were entitled to interest on the sum awarded them.

Submitted on briefs June 1st—decided July 20th, 1920.

ACTION to recover the amount alleged to have been
awarded to the plaintiffs for the taking of their land
for public use, brought to and reserved by the Superior
Court in New Haven County, *Curtis, J.,* upon an
agreed statement of facts, for the advice of this court.
*Judgment advised for the plaintiffs.*

In February, 1917, the defendant city condemned
and took certain land of the plaintiffs for the purpose
of laying out and grading a city street. Steps to that
end, and for the assessment of damages resulting to
the plaintiffs from such taking, were taken in conform-
ity with the charter provisions of the city. The damages

were assessed at $700, and final action by the city, on or before February 5th, 1917, established that sum as the amount to which the plaintiffs were entitled. The public work for which the land was taken has not yet been completed, and the city has refused to pay the plaintiffs the sum so assessed in their favor, although demand therefor has frequently been made.

Section 76 of the charter of the defendant city, granted in 1895 (12 Special Laws, p. 454), after prescribing the procedure of the bureau of assessments in assessing damages and benefits for public work executed by the city, provides as follows: "Upon the completion of the work assigned it, said bureau shall make a report of all its doings pertaining thereto, to the board of aldermen. Said board may adopt said report or modify the same as it may deem best, and when such report or modification shall have been adopted and recorded in the records of the board of aldermen, and when the damages shall have been paid to the person whose property is to be taken or damaged for such public purposes, or shall have been deposited with the city treasurer to be paid to such person when he shall apply for the same, then each of said assessments shall be deemed to have been legally made, and if the matter relate to the taking of land, the land described in the order of said board of aldermen shall be and remain taken and devoted to the public use for which it shall have been so designated. Such assessment shall be published by the clerk of said city within one week after such record, and said sums shall be payable upon the first week day after the first regular meeting of the board of finance after such publication."

Section 114 of the charter (12 Special Laws, p. 465) deals with the subject of benefits assessed against property owners, and prescribes the method of securing and enforcing their payment. This latter section was

amended and amplified by § 1 of Chapter 322 of the Private Acts of 1905 (14 Special Laws, p. 773). The section as thus amplified and amended deals solely with the subject of benefits and makes no reference directly or indirectly to that of damages, save in a single sentence as follows: "No unpaid assessment for such layout or grade of new streets shall be transmitted by the collector of taxes to the city attorney until after such assessment shall become collectible by reason of the work having been completed; and no assessment for either damages or benefits upon any such layout or grade shall be payable or collectible until such work has been completed."

The defendant relies upon the language of the last portion of this extract in support of its claim that the amount of damages sued for is not yet payable.

It is agreed that if the plaintiffs are entitled to recover, judgment shall be rendered in their favor for $700 together with the interest thereon from February 5th, 1917.

*Edward B. Reiley, Jr.*, and *John J. O'Neill*, for the plaintiffs.

*Ulysses G. Church* and *Philip N. Bernstein*, for the defendant.

PRENTICE, C. J. The sum of $700, which the plaintiffs seek to recover, is the amount ascertained and fixed in February, 1917, in the manner prescribed by the defendant's charter, as the amount of damages due to them for the defendant's taking of a portion of their land for the layout and construction of a public street. Were it not for certain language contained in § 1 of Chapter 322 of the Special Acts of 1905 (14 Special Laws, p. 773) amendatory of a section of the city charter granted in 1895 and not otherwise amended or

repealed in any respect having present pertinence, the $700 would have become payable to the plaintiffs and collectible by them "upon the first week day after the first regular meeting of the board of finance" following the publication of the assessments, which was required to be made within one week after their entry upon the records of the board of aldermen. *Kelly* v. *Waterbury*, 83 Conn. 270, 272; 76 Atl. 467; 12 Special Laws, p. 454, § 76. The defendant contends that by force of this amendment the assessed sum is not yet payable, since the public work for which the land was taken has not yet been entirely completed.

If it be assumed that the language of the 1905 amendment relied upon to produce this result would, constitutional limitations aside, be so construed, it would fail as being in violation of that provision of our Constitution which forbids the taking of private property for public use without just compensation therefor. Art. 1, § 11. The $700 assessment of damages in this case, like all other similar assessments resulting from a property taking, represents the amount of damages suffered by the property owner by reason of the taking, ascertained as of the time of its occurrence. If its payment is not made by the condemnor promptly, or at least within a reasonable time, the result is a loss of the use of the money for the period of the delay. If an attempt be made to provide legislative authority for such delay by a direction that the assessment, although made and effective, should not be payable or collectible until some indefinitely postponed time, as, for example, until the completion of the work for which the property is taken, however long in the future that might be, that attempt must be abortive as one professing to authorize the forbidden act of taking private property for a public use without just compensation therefor. " 'Just compensation' means a fair

equivalent in money, which must be paid at least within a reasonable time after the taking, and it is not within the power of the legislature to substitute for such present payment future obligations, bonds, or other valuable security." *Waterbury* v. *Platt Bros. & Co.*, 76 Conn. 435, 440, 56 Atl. 856. It matters not whether the property thus taken be regarded as the land condemned, or the amount of assessed damages withheld for the condemnor's use, or whether the taking be a permanent one or one for a period of time only. In either aspect of the matter and in either event, the result will be the appropriation of private property without just compensation.

If, therefore, the amendment of 1905 purports on its face to authorize this forbidden thing, it is in so far unconstitutional and inoperative, with the result that the original charter provision respecting the payment of damages remains unimpaired and in force. *Kelly* v. *Waterbury*, 83 Conn. 270, 272, 76 Atl. 467. If it does not so purport, the same result follows. In either event, § 76 of the Act of 1895 remains effective to make the assessed amount of damages due and payable to the plaintiffs and collectible by them as of the time therein stated.

The Superior Court is advised to render judgment for the plaintiffs, and that they recover of the defendant the sum of $700 together with interest thereon from February 5th, 1917.

Costs in this court to be taxed in favor of the plaintiffs.

In this opinion the other judges concurred.